UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **SIKIRU ADEYEYE** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. _____ |
| | ) |
| **HEARTLAND SWEETENERS, LLC** | ) |
| | ) |
| Defendant. | ) |

1:11-cv-1115 WTL-TAB

## COMPLAINT FOR DAMAGES – WITH JURY DEMAND

Plaintiff Sikiru Adeyeye, by counsel, for his Complaint against Defendant Heartland Sweeteners, LLC, states as follows:

### JURISDICTION AND VENUE

1. This suit is brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000 et. seq., as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981a et. seq. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

2. All acts alleged herein were committed within the Southern District of Indiana and venue is proper within this District and Division pursuant to 28 U.S.C. § 1391(b).

### PARTIES

3. Plaintiff Sikiru Adeyeye ("Adeyeye") is a citizen of Nigeria and a lawful permanent resident of the United States and the State of Indiana, and at all relevant times has been a resident of Marion County, Indiana.

1

4. During the course of his employment at Heartland Sweeteners, LLC, Adeyeye was an "employee" of Heartland Sweeteners, LLC, within the meaning of Title VII, 42 U.S.C. § 2000e(b).

5. Defendant Heartland Sweeteners, LLC ("Heartland Sweeteners") is a for-profit limited liability corporation, which conducts business within the territorial jurisdiction of this Court from its facilities located at 4635 West 84th Street, Suite 300, Indianapolis, Indiana 46224.

6. Heartland Sweeteners is an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## FACTS

7. Adeyeye began working for Heartland Sweeteners as a full-time employee in August 2009. For the previous five months, Adeyeye worked in the same position at Heartland Sweeteners as a temporary employee.

8. Adeyeye worked as a packer/palletizer in the Heartland Sweeteners plant at 4635 West 84th Street, Suite 300, Indianapolis, Indiana 46224.

9. Adeyeye is a Christian and his sincerely held beliefs incorporate elements of traditional African religious practices.

10. In May 2010, Adeyeye's father died in Nigeria.

11. According to the dictates of Adeyeye's religion, he was required to return to his father's village and perform a series of funeral rites for his father.

12. According to the dictates of Adeyeye's religion, failure to perform these rites would carry significant negative consequences for Adeyeye and his family.

13. In order for Adeyeye to save enough money to travel with his family to Nigeria, his father's funeral was scheduled for October 2010, and his father's body was stored in a morgue.

14. On or about July 19, 2010, Adeyeye submitted a formal request to Heartland Sweeteners for an unpaid leave of absence to attend his father's funeral. In the request, he specifically mentioned that it was "compulsory" for him to attend the funeral because of the religious requirements.

15. On or about August 25, 2010, Heartland Sweeteners denied the request.

16. On or about September 15, 2010, Adeyeye submitted another formal request to Heartland Sweeteners for an unpaid leave of absence. Again he indicated that he was required to be present for his father's burial.

17. The second request was denied the same day.

18. Adeyeye traveled to Nigeria on or about October 6, 2010 and performed the religiously required funeral rites for his father. He returned to Indianapolis on November 1, 2010.

19. When he returned to Heartland Sweeteners, Adeyeye was informed he had been terminated for violating the attendance policy.

## ADMINISTRATIVE PROCEDURES

20. On November January 28, 2011, Adeyeye filed a timely charge of religious and national origin discrimination against Heartland Sweeteners with the Equal Employment Opportunity Commission ("EEOC") under charge number 470-2011-01193. A true and accurate copy of the charge is attached hereto as Exhibit A.

21. The EEOC had jurisdiction over that charge for more than 180 days, and on May 18, 2011, it issued Adeyeye a Notice of Right to Sue which was received on May 19, 2011. A true and accurate copy of the Notice of Right to Sue is attached hereto as <u>Exhibit B</u>.

22. Adeyeye has ninety (90) days from the receipt of the Notice of Right to Sue, up to and including, August 17, 2011, to file his Complaint, which time has not passed.

## COUNT I – RELIGIOUS DISCRIMINATION

23. All preceding paragraphs are incorporated herein by reference.

24. Adeyeye notified Heartland Sweeteners that he required an accommodation in order to fulfill his sincerely held religious obligations.

25. The accommodation he sought was reasonable and would not have imposed an undue hardship on Heartland Sweeteners.

26. Heartland Sweeteners refused the accommodation and terminated Adeyeye.

27. Heartland Sweeteners engaged in unlawful discrimination in violation of Title VII when it terminated Adeyeye instead of providing him with the required accommodation.

28. Heartland Sweeteners has willfully and intentionally engaged in discriminatory treatment of Adeyeye on the basis of religion and has acted with malice or reckless disregard of Adeyeye's rights under Title VII.

## COUNT II - NATIONAL ORIGIN DISCRIMINATION

29. All preceding paragraphs are incorporated herein by reference.

30. Heartland Sweeteners had previously granted leave to a similarly situated employee, who is a Mexican national, to return to Mexico for a family emergency.

31. Heartland Sweeteners denied a similar request to Adeyeye, who is a Nigerian national.

32. The denial of Adeyeye's request constituted discrimination under Title VII by subjecting Adeyeye to differential treatment based on his national origin.

33. Heartland Sweeteners has willfully and intentionally engaged in discriminatory treatment of Adeyeye on the basis of national origin and has acted with malice or reckless disregard of Adeyeye's rights under Title VII.

**WHEREFORE**, Plaintiff Sikiru Adeyeye prays for the judgment of this Court against Defendant Heartland Sweeteners, LLC as follows:

A. An award of back pay with prejudgment interest for the salary and other employment benefits and opportunities that the Plaintiff has lost as a result of the Defendant's religious and national origin discrimination and termination of Plaintiff's employment.

B. Compensatory and punitive damages pursuant to 42 U.S.C. § 1981a(b) in an amount to be determined by a jury to compensate Plaintiff for the emotional distress and mental anguish that he has suffered because of Defendant's discriminatory conduct and to deter Defendant and other employees from engaging in discriminatory conduct in the future.

C. An order directing the Defendant to reinstate the Plaintiff.

D. In the event the Court determines that it would be inappropriate to direct the reinstatement of the Plaintiff as an employee of the Defendant, an award of damages to compensate the Plaintiff for the losses that he reasonably will sustain as the result of being denied continued employment with the Defendant.

E. An award of attorneys fees and costs.

F. Such other relief as may be just and proper.

Respectfully submitted,

**MACEY SWANSON AND ALLMAN**

_____
Jeffrey A. Macey, Atty No. 28378-49
Barry A. Macey, Atty No. 8964-49
Attorneys for Plaintiff Sikiru Adeyeye

**MACEY SWANSON AND ALLMAN**
445 North Pennsylvania Street
Suite 401
Indianapolis, IN 46204-1800
Telephone: (317)637-2345
Facsimile: (317)637-2369
E-Mail: jmacey@maceylaw.com

## JURY DEMAND

Now comes the Plaintiff, by counsel, and demands that this cause be tried to a jury on all issues so triable.

Respectfully submitted,

MACEY SWANSON AND ALLMAN

_____
Jeffrey A. Macey, Atty No. 28378-49
Barry A. Macey, Atty No. 8964-49
Attorneys for Plaintiff Sikiru Adeyeye

MACEY SWANSON AND ALLMAN
445 North Pennsylvania Street
Suite 401
Indianapolis, IN 46204-1800
Telephone: (317)637-2345
Facsimile: (317)637-2369
E-Mail: jmacey@maceylaw.com